puesta contra la sentencia que dictó la Corte de Distrito de San Juan en enero 28, 1938.

Núm. 7696.—PIMENTEL, aplte. *v.* AM. RAILROAD CO. OF P. R., aplda.—C. D. San Juan. ▬▬▬▬▬▬ Julio 13, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, con fecha marzo 5 de 1937 y a petición de la apelante se dictó una orden al efecto de que por el taquígrafo se transcribiera la evidencia presentada en este caso.

POR CUANTO, la parte apelante radicó en la secretaría de la Corte de Distrito de San Juan el original de la transcripción de evidencia, sin haber hecho entrega de copia de dicha transcripción de evidencia a la apelada y sin notificar a The American Railroad Company of Porto Rico con copia de la dicha transcripción de evidencia.

POR CUANTO, a moción de la demandante apelante la Corte de Distrito de San Juan señaló el día 10 de septiembre de 1937, a las nueve de la mañana, para la vista relativa a la aprobación de la transcripción de evidencia, pero habiendo alegado la demandada-apelada que no había sido notificada con copia de la referida transcripción de evidencia, la corte suspendió la vista y ordenó al taquígrafo que dentro del término de treinta días sirviera una copia de la dicha transcripción a la demandada apelada.

POR CUANTO, con fecha 5 de octubre de 1937, se dictó en este caso y por la corte de distrito una orden concediendo al taquígrafo-repórter una prórroga de treinta días para completar la transcripción de evidencia.

POR CUANTO, con posterioridad a la orden dictada en este caso con fecha 5 de octubre de 1937 a que se refiere el párrafo anterior, no aparece que se haya dictado orden alguna concediendo nueva prórroga o término al taquígrafo para completar la transcripción de evidencia, ni aparece que se haya radicado moción alguna interesando prórroga del término concedido por la Corte de Distrito de San Juan al taquígrafo mediante su orden de fecha 5 de octubre de 1937, ni aparece de los autos que se haya cumplido con la expresada orden, ni que se haya presentado la transcripción completa de la evidencia-practicada en este caso.

POR CUANTO, la apelante niega ''que el taquígrafo de dicha corte no haya servido copia de la misma a la parte apelada, alegando por el contrario que el taquígrafo que preparó la referida transcripción entregó al abogado de la parte apelada una copia fiel y exacta de la mencionada transcripción de evidencia,'' y el taquígrafo en una declaración jurada anexa al escrito de oposición dice:

"Que con anterioridad a haberse fallado este caso en su fondo, y, para ser más exactos, en o alrededor de octubre 31 de 1936, y a instancias de la parte demandada, suministré a ésta una copia fiel y exacta de la transcripción de mis notas taquigráficas, para ser utilizada en la preparación de su elegato, por cuya copia recibí de dicha parte demandada, por concepto de honorarios, determinada suma de dinero;

"Que posteriormente, y a instancias de la parte demandante, se dictó una orden sobre transcripción de evidencia, la que fué cumplimentada, y que hasta hoy no he servido copia de ésta a la parte demandada por considerarlo innecesario."

POR CUANTO, con fecha primero de febrero de 1938, la demandada-apelada radicó en la Secretaría de este Tribunal una moción solicitando la desestimación de este recurso de apelación, no solamente por los fundamentos anteriormente expuestos, sino que también por otros motivos, y esta Corte con fecha 23 de febrero de 1938, declaró sin lugar la moción de desestimación por entender que la apelada no había convencido al Tribunal de que la parte apelante no había sido diligente en la tramitación de este recurso.

POR CUANTO, a pesar de la moción de desestimación a que se ha hecho referencia, de la resolución dictada por esta Corte en este caso con fecha 23 de febrero de 1938, y a pesar de la orden de la Corte de Distrito de San Juan de fecha octubre 5 de 1937, concediéndole al taquígrafo de la corte un término de treinta días para completar la transcripción de evidencia, la parte apelante no ha cumplido con la precitada última orden, ni dicha parte ha notificado a la apelada con copia de la transcripción de evidencia, ni ha hecho otra gestión tendente a formalizar o activar su apelación, ni ha solicitado nuevo término o prórroga ni de esta Corte Suprema ni de la corte de distrito para notificar a la apelada con copia de la transcripción de evidencia.

POR CUANTO, la teoría de la apelante según consta en su escrito de oposición es la de que "una vez señalada la vista relativa a la aprobación de la transcripción de evidencia . . . no venía obligada a pedir nuevas prórrogas para satisfacer conveniencias de la parte apelada", y que "una vez servida la parte apelada con copia de la transcripción de la evidencia . . . no venía obligada . . . a solicitar prórroga, ni de la Corte de Distrito de San Juan, ni de cualquiera otro Tribunal".

POR CUANTO, ni la resolución de esta Corte declarando sin lugar la primera moción sobre desestimación, ni las circunstancias del caso en conjunto, bastan para relevar a la apelante de toda responsabilidad en relación con los pasos necesarios para activar su apelación con posterioridad a la fecha de tal resolución, ni para justificar la actitud desde entonces asumida por la apelante,

Por tanto, se declara con lugar la nueva moción de la parte apelada y se desestima por falta de diligencia la apelación interpuesta contra la sentencia que dictó la Corte de Distrito de San Juan en enero 28, 1937.